THE PEOPLE OF THE WESTERN FEDERAL DISTRICT COURT

PLAINTIFF JASON E.T. CATO Ontario County Jail, Canandaigua, New York,

-against-

Private Investigator Joseph Murphy, Detective Daniel S. Visingard, Deputy Sheriff Mr. Astring of the Ontario County Sheriffs Department and the City of Canandaigua Police Department, As the Defendants.

CIVIL RIGHTS ACTION BROUGHT UNDER ARTICLE 42 U.S.C. §1983

Docket No. ___
Index No. ___

20 CV 6436 W

FILED JUN 29 2020

I. Previous Law Suits (Yes) No. Docket No: 9:20-CV-0176 (MAD/DJS).

II. Place of Present Confinement, Central New York Ontario County Jail, 3045 County Complex Drive, Canandaigua, New York 14424.

III. Parties A. JASON E.T. CATO, Ontario County Jail, 3045 County Complex Dirive, Canandaigua, New York 14424. Defendants: Private Investigator Joseph Murphy, Detective Daniel S. Visingard from the City of Canandaigua New York Police Department Ontario County, Deputy Sheriff Mr. Astring of the Ontario County Sheriffs Department in New York State.

IV. Statement of claim, The Plaintiff Jason E.T. Cato was in fact Brutally Assaulted by the Defen-

dants on August 31st 2018, in which said assault stemmed from a No Probable Cause False Arrest.

V. Plaintiff wants the Court to remedy Defendants wrong due to awarding Plaintiff Compensatory and Punitive damages.

Dated: May 15, 2020.

WHEREFORE, Plaintiff presents this Article 42 U.S.C. 1983 to be remedied for the Police Brutality or Excessive Force that injured the Plaintiff scarring him for life, to which, this Western District Federal Court should deem Just and Proper decisions for each Defendant who commited brutal acts on August 31st 2018.

X _____ (Signature)
JASON E.T. CATO (Print)

Sworn to before me this 17 day of MAY 2020
_____
James W. Kikkert
(Notary Public)

JAMES W. KIKKERT
Notary Public, State of New York
Ontario County Reg. #01KI4802064
Commission Expires 12/31/2022

## MARSHALLING FACTS

1.) On August 31st, 2018, I was falsely arrested due to no Probable Cause, and at the same time I was interrogated at the Canandaigua Police Department for an hour without being read my Miranda Warnings until after an extracted Confession/Admission to crimes that is suffered due to Duress and Entrapment by the arresting officers the Defendants.

2.) After i was Brutally beaten by the defendants, I was denied medical attention after telling the defendants that im a Mental Health Patient.

3.) Plaintiff arrived at the Finger Lakes Lodge Motel and was hanging with friends Dave Johnson, Lisanne Coop, Richard Evans, Grace Brenson, Brenda Sims, and Andrew Poppas at rooms 105 and 206, then out of no where Andrew and Richard Started walking with me to the adjacent Student Housing Campus gate where we went to the front office of the Campus Gate to ask for Applications for Housing, then later Plaintiff and friend Richard began walking in the back of Campus Gate then all of a sudden officers Detective Daniel S. Visingard of the Canandaigua City Police Department and Deputy Sheriff Mr. Astrino of the Ontario County Sheriff's Department jumped out of a black vehicle both yelling your under arrest, Plaintiff began to run in shock and fear because his Mental Health Psychosis is that he just did seventeen (17) years illegally detain by Ontario County Court Judge Craig J. Doran from (2001) until (2018), and

to which is being Remedied in the Appellate Court Fourth Judicial Department by way of an application for Writ of Error of Coram Nobis. While running scared Plaintiff was hit by a Police bike driven by Private Investigator Joseph Murphy of the Canandaigua City Police Department, Ramming the Plaintiffs Left elbow scarring him to the white meat, and the scar is still white, then Plaintiff plunged to the ground landing on his Stomach with his hands behind his head non-resisting facing to the right, yelling i cant breath, then the Defendant Detective Daniel S. Visingard started punching the Plaintiff repeatedly in his face on the right side, then Defendant Deputy Sheriff Mr. Astrino tased the Plaintiff in the center of his back while not resisting and hands still behind his head and lying on his stomach. Plaintiff was then Placed in handcuffs and was allowed to talk to medical Staff, then Plaintiff told medical that he was a Mental Health Patient and needed medical attention but the arresting officers or Defendants denied Plaintiff and the took him to the Canandaigua City Police Department for questioning all Defendants had on Body Camera as the day of this incident.

4.) Plaintiff was housed at the Ontario County where he was assigned Lawyer Jennifer Kehoe, who in fact had a Private Investigator come to the Jail and take Pictures of my swollen face and cut on Left elbow and the two Taser Prongs that left

the Plaintiff Scarred for Life. Public Defenders Office of Ontario County, Jennifer Kehoe Esquire. 20 Ontario Street 4th Floor, Canandaigua NewYork 14424.

Dated: May 17, 2020

X _____
(Signature)
JASON E.T. CATO
(Print)

Sworn to before me this
___17___ day of __MAY__ 2020
_____
(Notary Public)

JAMES W. KIKKERT
Notary Public, State of New York
Ontario County Reg. #01KI4802064
Commission Expires 12/31/2022

THE COMPLAINT: Stating a Claim

1.) JURISDICTION - Canandaigua New York. Ontario County Routes 5&20, Campus Gate Student Apartments adsacent to Finger Lakes Lodge Motel, Where exactly Said Police Brutality took Place.

2.) Plaintiff Jason E.T. Cato housed at the Ontario County Jail, 3045 County Complex Drive, Canandaigua, New York 14424.

3.) Canandaigua City Police officers Detective Daniel S. Visingard, Private Investigator Joseph Murphy, and Ontario County Sheriffs Department Deputy Sheriff Mr. Astrino.

4.) Plaintiff Jason E.T. Cato is entitled to relief of damages of Compensatory and Punitive due to Pain and suffering from the Defendants Physical assaults that transpired Simultaneously one after the other. First the Plaintiff was hit by the Police bike rode by defendant Private Investigator Joseph Murphy, and then Scarring the Plaintiff on his left elbow scar still visible, then as i fall on my stomach with my hands behind my head facing to the right Detective Daniel S Visingard began repeatedly punching me in the right side of my face at least five(5) times as i began to yell i cant breathe Deputy Sheriff Mr. Astrino tased me in the middle of my back with his Taser Gun all while i was still on my stomach with

my hands still behind my head and not resisting whatsoever, and the Plaintiff was not charge with resisting arrest, only charged with Criminal Sale of a Controlled Substance in the third degree, and was never given a Preliminary hearing still to this day from August 31st, 2018 when the incident took place until now June 2020.

5.) "Claims for relief" and "Causes of Action": Plaintiff was assaulted by the three (3) Defendants who apparently presented an ability to inflict bodily harm on the Plaintiff, the display of force performed by the arresting officer's to cause fear of bodily harm to the Plaintiff who continued to yell "I can't breathe". The unlawful, undesired, and unprovoked use of excessive force on the Plaintiff's person with the intention to harm and create fear of harm in the Plaintiff, being punched in the face five (5) times, hit with the Police Bycycle and being cut open on the left elbow and the same scar is white a crescent shaped cut today, also the two (2) prongs lodged in the center of Plaintiffs back by the Taser Gun used for no apparrent reason where the Plaintiff was not resisting and was not even charged with resisting an arrest, because after being hit with the bike Plaintiff layed down on his stomach and his hands behind his head during the assaultive behavior of the Defendants. The Plaintiff also alleges the torts of assault and battery and

"Criminal Negligence".

6.) Defendants Private Investigator Joseph Murphy, Detective Daniel S. Visingard both of the Canandaigua City Police Department. They are sued in their individual capacities.

7.) Defendant Deputy Sheriff Mr. Astrino employed at the Ontario County Sheriff's Department. He is sued in his individual capacity, nemo est supra leges.

8.) All the defendants have acted, and continue to act, under color of state law at all times relevant to this Complaint.

FACTS

9.) On August 31st 2018, the Plaintiff was hit by the bike rode by Private Investigator Joseph Murphy, and as the Plaintiff surrendered laying on his stomach with both hands behind his head facing to the right Detective Daniel S. Visingard began punching the Plaintiff in the right side of his face repeatedly while Plaintiff yelled he cant breathe, both Defendants are employees of the Canandaigua Police Department, then after simultaneously Defendant Deputy Sheriff Mr. Astrino Tased the Plaintiff with his Taser Gun in the center of Plaintiffs back

Still while Plaintiff Layed on his Stomach non-resistant with his hands behind his head, Defendant is employed by the Ontario County Sheriffs Department in New York State

## DENIAL OF MEDICAL CARE

10.) Shortly after these events, Plaintiff was yelling he cant breathe, he has Asthma and is a Mental Health Patient and he needs medical attention. Defendants denied Plaintiff hospital request when the medical assistant also requested the same.

## CLAIMS FOR Relief

11.) The actions of Defendants Murphy, Visingard, and Astrino in using Physical force and Excessive force against the Plaintiff without need or Provocation once the Plaintiff gave up and layed down on his stomach with both hands behind his head as proven by the three (3) Defendants Body Cameras worn that day, or the three (3) Defendants in failing to intervene to Prevent the misuse of Physical and Excessive force, to which was done maliciously, Sadistically, and with "Criminal Negligence" that constituted Cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and proximately caused the afforesaid violation of Eighth Am-

endment rights and assault and battery.

22.) The actions of defendant Visingard in refusing to allow Plaintiff Medical attention at the request of the medical staff for the Physical and Excessive force constituted deliberate indifference, denied the Plaintiff Due Process of law in violation of the Eighth and Fourteenth Amendments of the United States Constitution, due process violations, constituted deliberate indifference and further denied the Plaintiff due Process of law in violation of Fourteenth Amendment of the United States Constitution.

23.) The failure of defendants Murphy, Visingard, and Mr. Astrino to provide the medical assistance given for the Plaintiffs cut on his left elbow, Swelling of his right side of his face, and the two pulled prongs out from the center of his back, constitutes deliberate indifference to the Plaintiffs serious medical needs in violation of the Eighth Amendment of the United States Constitution.

# RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court Grant the following relief:

A. Issue a declaratory Judgement stating that:

1.) The Physical abuse of the Plaintiff committed by defendants Murphy, Visingard, and Mr. Astrino violated the Plaintiff's rights under the Eighth Amendment of the United States Constitution and constituted an assault and battery under State law.

2.) The failure of defendants Murphy, Visingard, and Astrino to provide the medical assistance for the Plaintiffs injuries constitutes a deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

3.) Defendants actions in failing to provide adequate medical care for the Plaintiff violated, and continue to violate, the Plaintiffs rights under the Eighth Amendment of the United States Constitution.

B. Award compensatory damages in the following amounts:

1.) $500,000 jointly and severally against defendants Murphy, Visingard, and Astrino for the Physical and Emotional injuries sustained as a result of the Plaintiffs beating.

2.) $50,000 jointly and severally against defendant Visingard for the punishment and emotional injury resulting from a deliberate indifference in denying Plaintiff serious medical attention. Also the failure to provide adequate medical care to the Plaintiff when acquired and requested from medical personell.

C. Award Punitive damages in the following amounts:

1.) $50,000 each against defendants Murphy, Visingard, and Astrino;

2.) $30,000 each against defendants Murphy, Visingard, and Astrino;

3.) $20,000 each against defendant Visingard, for repeatedly punching the Plaintiff in the face.

D. Grant such other relief as it may appear that the Plaintiff is entitled.

Dated: May 17, 2020

Sworn to before me this
22 day of May 2020

_James W. Kikkert_
(Notary Public)

JAMES W. KIKKERT
Notary Public, State of New York
Ontario County Reg. #01KI4802064
Commission Expires 12/31/2022

Respectfully Submitted
X _Jason E.T. Cato_
[signature]
JASON E.T. CATO
(print)
Ontario County Jail, County Complex Drive 3045
Canandiagua, New York 14424

<u>Essential Elements of Plaintiff's Claim - Eighth Amend.</u>

Plaintiff proves within his claim concerning violation of his Eighth Amendment Constitutional right to be free from Physical assault and cruel and unusual punishment, to which Plaintiff by the preponderance of the evidence establishes the following elements: 1.) The Defendants acted under color of law by their own capacity of being parties of the Canandaigua City Police Department, and the Ontario County Sheriff Department; 2.) That the Defendants acts constituted Physical abuse and Assault and Battery; 3.) The conduct of the Defendants is the proximate cause of the damages sustained by the Plaintiff. It is a stipulated fact in this case that the Defendants was acting under color of law at the time of the incident alleged in this Complaint. Violation of Eighth Amendment: Burden of Proof - In this case, Plaintiff finds the Defendants liable for the violations of Jason E.T. Cato's Constitutional rights to be protected from Physical assault and battery from the from arresting officers. Defendants acted or failed to act with deliberate indifference to Jason E.T. Cato's Physical safety. Defendants conduct amounted to more than inadvertence, lack of due care, and negligence or error. Defendants acts reflected reckless behavior, callous neglect or thoughtless disregard equivalent to a flagrant or remarkably bad failure to protect the Plaintiff. It is obduracy and wantonness, not inadvertence or error in good faith that characterize the prohibited conduct. There existed a great degree of risk of Physical harm

to Plaintiff on August 31st 2018. Defendants action or omission was more than inadvertence, lack of due care, negligence or error. "Proximate Cause". An injury or damage is proximately caused by an act whenever it appears from the evidence in this case that the act or omission played a substantially or substantial part in bringing about or actually causing the injuries or damage to the Plaintiff was either a direct result or a reasonably probable consequence of the act or omission. If the District Court decides that the Defendants violated Plaintiffs Constitutional rights and that such violations was a proximate cause of the injury of Plaintiff, Damages of the Defendants injury suffered by Plaintiff is a combined product of both a preexisting state of health and the effects of Defendants conduct, it is your duty to determine and award damages caused by Defendants conduct alone, You must separate the damages caused by Defendants conduct from the condition which was preexisting if it is possible to do so. However, if after careful consideration, you are unable to separate the damages caused by Defendant's conduct from those which were preexisting, then you should use your best judgment in apportioning these damages. Measure of Damages—Personal—Any bodily injury sustained by the Plaintiff, and any resulting pain and suffering, disability or Mental anguish experienced in the past or to be experienced in the future constitutes Personal injury. No evidence of the value of such intangible things as Physical pain and Suffering has been or need be introduced. In that respect, it is not value you are trying

to determine, but an amount of money that will fairly compensate the Plaintiff for the damages suffered. There is no exact standard for fixing compensation to be awarded on account of such elements of damage. Any such award should be fair and just in light of the evidence. You should include each of the following elements of damage which you decide has been sustained by the Plaintiff to the present time: 1.) Physical Pain; 2.) Mental Anguish; 3.) Fright and Shock; 4.) Embarrassment, humiliation or mortification; 5.) Psychological injury. Plaintiff suffers the element of damage that is continuing in nature due to being punched repeatedly in the right temple of his face where his nerves is shot and feels like occasionally his eyes twitch and feels like nerves trickling down his face. You shall decide how long it may continue, to which the said injury may continue as if there is permanent damage in nature, then you shall decide how long the Plaintiff is likely to live. Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The Law leaves such amount to your sound judgment. Your verdict must be solely to compensate Plaintiff for his damages. Compensatory Damages - The Plaintiff alleges that his claimed injuries proximately resulted from defendants conduct. If you should find that the Plaintiff is entitled to prevail in this litigation, you must award him such sum as will compensate him for

any pain, suffering, or mental anguish already suffered by him, proximately resulting from the defendant's conduct. And for any pain, suffering, which you find from the evidence in this case he is reasonably certain to suffer in the future from the same cause. If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the defendant's wrongs. That is, it is the Plaintiff's burden to prove the extent of his damages, to your satisfaction, by a preponderance of the evidence. You are not entitled to award speculative damages. Punitive Damages – You may also decide whether the Plaintiff is entitled to the award of any punitive damages. The purpose of an award of punitive damages is to punish a wrong doer for his misconduct and to determine similar conduct by others. In order to award punitive damages, you must find one of the following: 1.) That the Defendants acted intentionally or purposefully to deprive the Plaintiff of his rights; or 2.) That the defendants acted in reckless disregard with callous indifference to Plaintiff's rights; 3.) that the defendants carried out lawful activities with unnecessary harshness, or abused his or their official power or took unfair advantage of the Plaintiff. If you find that the defendants did any one or more of these things, then you should award punitive damages. If you award punitive damages, you should fix the amount using calm discretion and

sound reason. You must not be influenced by sympathy or dislike of any party in this case.

Dated: June 16, 2020.

WHEREFORE, Plaintiff respectfully request that the Western District Court of the State of New York enter an order to this situation of "I cant Breathe" Pursuant to Article 42 U.S.C. §1983, Honorable Magistrate Granting the relief sought within this action, or further relief as the Court may deem Just and Proper.

(Signature) Jason E.T. Cato
(Print) JASON E.T. CATO

Sworn to before me this 5TH day of JUNE 2020

(Notary Public)

LAURA JANE MARLOWE
Notary Public, State of New York
Ontario County Reg. #01MA6091776
Commission Expires 05/05/

CC.



JASON E.T. CAT6 29120
Ontario County Jail
3045 County Complex Drive
Canandaigua, New York 14424

United States District Court
Western District of New York
312 United States Court House
68 Court Street
Buffalo, New York 14202

USDC-WDNY
JUN 2 9 2020
BUFFALO

ONTARIO COUNTY JAIL

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

20 CV 6436

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CATO

**DEFENDANTS**
Murphy

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause: 42 USC 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

**DATE**

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE